Pllumb SMAKAJ, Mimoza Smakaj, Brunilda Smakaj (Minor), Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 05–1313–ag (L), 05–1317–ag (CON).

United States Court of Appeals, Second Circuit.

Aug. 14, 2007.

Terence G. Hoerman, Detroit, MI, for Petitioners.

Joseph S. Van Bokkelen, United States Attorney, Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Pllumb, Mimoza, and Brunilda Smakaj, citizens of Albania, seek review of a February 17, 2005, order of the BIA summarily affirming the November 3, 2003, decision of Immigration Judge ("IJ") Alan A. Vomacka denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Pllumb Smakaj/Mimoza Smakaj/Brunilda Smakaj*, Nos. A78 963 377/378/379 (B.I.A. Feb. 17, 2005), *aff'g* Nos. A78 963 377/378/379 (Immig. Ct. N.Y. City Nov. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we deem the petitioners' CAT claim waived, as they failed to raise that claim in their brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We find that the adverse credibility determination is supported by substantial ev-

idence. The IJ properly found that Smakaj's testimony that on March 18, 2001, while he was driving in Bushat, he lost control of his car after it was hit from behind by another car, was inconsistent with the letter that Smakaj submitted from the Association of People Who Were Politically Persecuted in the Past, asserting that he was "attacked with arms" during the incident. These accounts provide two "dramatically different" versions of the March 2001 incident. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) (finding that a "dramatically different" version of an incident described by the petitioner provides substantial evidence for an adverse credibility determination). Therefore, the IJ's reliance on this inconsistency was proper.

The IJ also found that in describing a November 2001 incident, Smakaj's asylum application asserted that one of the men involved had made a remark about Sali Berisha, the Democratic Party ("DP") leader but that Smakaj failed to testify to that assertion. Acknowledging that the inconsistency itself was not significant, the IJ found that it was nevertheless indicative of Smakaj's failure to establish that the incident occurred on account of a protected ground. Indeed, Smakaj's testimony failed to attribute any political motivation to the incident. Without such a nexus to a protected ground, the IJ's finding that this incident did not merit "much weight" was proper. *See* 8 U.S.C. § 1101(a)(42). The IJ properly noted another minor inconsistency in the record, finding that while Smakaj's asylum application asserted that his father suffered a nervous breakdown in November 2001, he testified that this occurred soon after the car crash in March 2001. When considered cumulatively with the other inconsistencies identified by the IJ, these findings provide substantial evidence for the adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

The IJ also based his adverse credibility determination on several implausibility findings. The IJ found implausible Smakaj's claim that the DP thought it important for him to assist the party in the 2001 election campaign when "he had been out of the country almost continuously for the previous three years." This finding was not "bald" speculation, because it was based on Smakaj's testimony that after he moved to Greece, he only sporadically visited Albania from March 1998 until February or March 2002. Moreover, Smakaj testified that he was not a DP officer or leader, and he did not claim to have been charged with carrying out a particular task for the DP. Rather, he testified that his DP activity generally consisted of convincing people to join the party and going door to door to distribute leaflets. Given Smakaj's minimal role in the party, it was reasonable for the IJ to find implausible Smakaj's claim that he was a "key figure" in the DP. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). Likewise, it was reasonable for the IJ to find implausible Smakaj's claim that the Socialist Party ("SP") continued to make threatening telephone calls to him while he was in Greece. The IJ's reasoning that the SP would not have targeted someone "who supports another party when that person is giving every sign that he plans to remain outside Albania and not be involved in politics" was somewhat overstated, since Smakaj testified that he returned to Albania on a few occasions. Nevertheless, given the IJ's permissible inference that Smakaj was not an important figure in the DP, his inference that the SP would not have targeted him for his minimal role in Albanian politics was also permissible. *See Siewe,* 480 F.3d at 168–69.

The IJ also found "rather puzzling" Smakaj's claim that the DP denounced the "non-fatal" accident in which he alleged that his car was rear-ended and tumbled

into a ditch, when Smakaj, who had been out of the country for three years, was unable to attribute the accident decisively to the actions of the SP. We have stated that we "will reject a deduction made by an IJ only ... when the speculation is 'bald.'" *Siewe*, 480 F.3d at 168. Speculation is not bald if it is "tethered to the evidentiary record." *Id.* at 169. Here, given Smakaj's failure to testify to any assertions implicating the SP in the incident, the IJ's finding was not impermissibly speculative. *See Siewe*, 480 F.3d at 168–69.

Although we note that not all of the IJ's findings are supported by the record, we find that remand would be futile in this case, because we can confidently predict that the agency would reach the same conclusion absent those errors. *See Xiao Ji Chen v. U.S Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006). Here, the inconsistencies and implausibilities properly identified by the IJ provide substantial evidence for the adverse credibility determination. Accordingly, the agency's denial of asylum was proper. Because the IJ's adverse credibility determination is supported by substantial evidence, we need not reach his finding that Smakaj had obtained a "safe haven" in Greece.

Because the only evidence of a threat to Smakaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motions for stays of removal are DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).